ROSEMAN v. HOKE.

(Filed April 23, 1901.)

NEW TRIAL—*Appeal—Record—Defect—Practice—Supreme Court.*

Where, upon appeal from a ruling upon a sufficiency of descrip-
tion of land conveyed in a deed, it appears from the case on
appeal that the entire description as contained in the deed,
and upon the sufficiency of which the ruling was made, is
not set out, a new trial will be granted.

ACTION by R. M. Roseman, administrator of Thomas
Hoke, against Nora Hoke and others, heard by Judge *E. W.
Timberlake* and a jury, at December Term, 1900, of LIN-

COLN County Superior Court. From a judgment for the defendants, the plaintiff appealed.

*A. L. Quickely,* and *S. G Finley.* for the plaintiff.
*L. B. Wetmore,* for the defendants.

MONTGOMERY, J.   This action was commenced as a special proceeding in the Superior Court of Lincoln for the purpose of subjecting the real estate of the plaintiff's intestate to the payment of his debts. In the complaint the land is described fully, and consists of three distinct tracts. The defendant, Nora Hoke, the widow of the intestate, claimed the land described in the complaint, and an issue being joined upon the pleadings, the same was transferred to the next term of the Superior Court, by the Clerk, for trial. The only question raised on the trial was whether or not the description of the land embraced in the deed from the intestate to his wife, the defendant Nora, was sufficient to convey all three tracts. The only description of the land mentioned in the deed from the intestate to the defendant, as appears in the statement of the case on appeal, is as follows: "Lying and being in Lincoln County, State of North Carolina, in Lincolnton Township, adjoining the town of Lincolnton." The appellant's counsel here argued orally, and also in his brief, that "the description in the deed (that of the intestate to the defendant) in question might locate the land as well on one side of the town of Lincolnton as on the other; it does not give the number of acres he meant to convey; it does not give the number of tracts (it is admitted by the defendants that he owned more than one); it does not give a single boundary, nor refer to any place where the boundary can be ascertained."

The counsel of the appellee in his brief admits that the description set out in the case on appeal is not sufficient to pass the land, and that it can not be aided by parol proof, but

he insists that, as a fact on the trial, the deed from the intestate to the defendant was read, and that there were conveyed therein three distinct tracts of land definitely and particularly described, and that they were shown to be the same tracts of land as those described in the complaint.   He further says that in the appellant's statement of the case on appeal, the real description of the land conveyed to the defendant by the intestate was not set out, but that a space was left for that purpose, with the words written in the blank space "fill in description here," and that at the time the case was served on the appellee, the space for the description of the land was still in blank.   And he further says that in making out his counter case on appeal, he left space for the description, as did the appellant's counsel, and that he did not "feel called upon to insert the full description, as the burden was on the other side to show error, the law presuming that the Judge below acted rightly and within the law, unless the contrary be made to appear by those claiming error to exist."   The Judge adopted the appellee's statement of the case on appeal.

It seems to us upon reading the case on appeal that the deed from the intestate to the defendant contained a fuller description of the land mentioned therein than the words "lying and being in Lincoln County, State of North Carolina, in Lincolnton Township, adjoining the town of Lincolnton."   For instance, in the case it is stated that "Here, it is admitted by counsel on both sides that the land claimed by Nora Hoke, the defendant, as the land set out in the complaint, consists of three tracts adjoining each other."   Again, the witness Carson testified that "all three of the tracts described in the complaint were those mentioned in the deed above set out from Thomas Hoke to Nora Hoke;" and again, that witness said, "I know who now owns the land set out in the deed from Caleb Motz above as the Coble land·(that is, the land that is said in that deed to adjoin the 6-acre tract).   Mr.

Killian now owns the Cauble land, and as the deed from Thomas Hoke to Nora Hoke calls for Mr. Killian's land as adjoining it, I know it conveys the six acres, or Motz tract, for it would not join the Killian (formerly Cauble) land at all, if it did not." And still, again, it is stated in the case on appeal that "the deed of D. Schenck to Nora Hoke, above mentioned, dated February 10, 1876, was admitted by the plaintiff to cover the two and three-fourths acre tract, mentioned in the deed of Hoke to his wife, Nora, and it was agreed that it was out of the controversy." The contention, too, of the parties as set out in the case on appeal shows that there was a fuller description in the deed from Hoke to his wife than appears in the case on appeal. Those contentions appear as follows: "Defendants contend that the deed from Thomas Hoke to his wife Nora conveyed all three tracts, because it especially mentions three tracts and because the witness Carson identifies all three as being embraced in the deed from Thomas Hoke to Nora Hoke, and as being the same as set out in the complaint."

"Plaintiffs say that it is impossible to say what land he did convey in said deed, and that the description is too vague and uncertain to convey any land that belonged to Thomas Hoke; that none of the three tracts were bought from J. C. Jenkins, and none of them could be bounded by Thomas Hoke on the north if all were conveyed."

It seems necessarily to be the case that his Honor, when he adopted the appellee's statement of the case on appeal, either overlooked the failure to insert the description or thought that the parties could do it before the transcript should be sent up; and, as we can not tell what the description was, we are, of course, unable to say whether or not his Honor's ruling was correct when he held that the description was sufficient in law and in the light of the parol evidence of the defendant in aid thereof, to pass all three of the tracts

set out in the complaint, and instructed the jury to answer
in the negative the issue, "Did Thomas Hoke die seized and
possessed of the three tracts of land mentioned and described
in the complaint?"

New trial.